UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JULIA A. SADTLER,<br><br>  Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA<br><br>  Defendant. | :<br>:<br>:  CIVIL ACTION FILE NO:<br>:<br>:  _____<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

COMES NOW, JULIA A. SADTLER, the Plaintiff in the above-captioned action, and files this Complaint against the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum"), showing the Court as follows:

## PARTIES AND JURISDICTION

1.

The Plaintiff brings this civil action under 29 U.S.C. § 1132, seeking award of benefits under a group long-term disability insurance policy (the "Policy")

1

issued by Unum to the Plaintiff's former employer, The Boston Consulting Group, Inc. ("BCG") and other available remedies.

2.

The Policy funds benefits under a long-term disability plan (the "LTD Plan") that BCG established and maintained for the benefit of its employees.

3.

The LTD Plan constitutes an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1002(1).  The Plaintiff's claims are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq.

4.

This Court has original subject matter jurisdiction over these claims pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

5.

Unum acted as the claim administrator and made the decision as to whether to approve the Plaintiff's claim for benefits under the Policy.

6.

At the time this claim arose, the Plaintiff was a participant under the LTD Plan and was covered by the Policy. The Plaintiff has standing to bring this action against Unum pursuant to 29 U.S.C. § 1132(a).

7.

The Plaintiff resides in this federal district.

8.

This Court has personal jurisdiction over Unum and venue is proper in this Court, pursuant to 29 U.S.C. § 1132(e)(2).

9.

Unum may be served with process through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

## **FACTS COMMON TO ALL CLAIMS**

10.

The Policy provides for payment of long-term disability income benefits to eligible employees of BCG who become "disabled" subject to the requirements set forth in the Policy.

11.

The Policy provides:

"Disability" and "disabled" mean that because of injury or sickness:

1. the insured cannot perform each of the material duties of his regular occupation; and

2. after benefits have been paid for 24 months, the insured cannot perform each of the material duties of any gainful occupation for which he is reasonably fitted by training, education or experience; or

3. the insured, while unable to perform all of the material duties of his regular occupation on a full-time basis, is:

    a. performing at least one of the material duties of his regular occupation or another occupation on a part-time or full-time basis;

    b. earning currently at least 20% less per month than his indexed pre-disability earnings due to that same injury or sickness."

12.

Unum drafted the written terms and conditions of the Policy.

13.

Benefits under the Policy are paid from Unum's assets.

14.

The Policy includes a 180-day "elimination period" before long-term disability benefits become payable based on a covered employee's disability.

15.

BCG also established and maintained a short-term disability benefit plan under which eligible employees who became disabled from work could receive disability income benefits during the period corresponding to the Policy's 180-day elimination period.

16.

Unum was involved in evaluating claims under both the BCG short-term disability plan and the LTD Plan that was funded by the Unum Policy.

17.

The Plaintiff was actively employed by BCG as a corporate trainer until she stopped working due to medical illnesses on or about May 20, 2019.

18.

Among her other duties, the Plaintiff's occupation required both local and long-distance business travel, sustained visual focus for a variety of work activities, and a high degree of mental focus and cognitive ability.

19.

Since on and prior to May 20, 2019, the Plaintiff has been unable to perform each of the material duties of her regular occupation or any other gainful occupation for which she is reasonably fitted by training, education or experience due to symptoms and impairments caused by a combination of physical illnesses.

20.

Since on and prior to May 20, 2019, the Plaintiff has been continuously "disabled" as that term is defined by the LTD Plan and Policy.

21.

The Plaintiff's physical illnesses include severe idiopathic hypersomnolence, peripheral vestibular dysfunction, optokinetic reflex dysfunction, vestibular ocular reflex dysfunction, left eye strabismus, cognitive dysfunction and headaches.

22.

The Plaintiff has been under the regular and continuous care of physicians for her illnesses since she stopped working.

23.

The Plaintiff first made a claim for benefits under her employer's short-term disability plan.

24.

Unum approved that disability claim.

25.

The Plaintiff also made a claim for long-term disability benefits under the LTD Plan funded by the Unum Policy.

26.

Unum denied the Plaintiff's long-term disability benefits.

27.

The Plaintiff, through her attorney, appealed Unum's adverse decision on her claim for long-term disability benefits under the LTD Plan and the Policy.

28.

The Plaintiff sent Unum written notice of her appeal on May 18, 2021, which was delivered to Unum on May 19, 2021.

29.

The Plaintiff submitted additional information to Unum for its consideration with her appeal notice.

30.

The Plaintiff's new evidence included reports of objective vestibular and oculomotor function testing, a report from the Plaintiff's vestibular therapist

specifying work impairments, video recordings from the vestibular therapist that show examples of some of the Plaintiff's abnormal eye movements, the report of a functional capacity evaluation, supporting letters from two of the Plaintiff's treating neurologists specifying work impairments caused by her illnesses, a report from the Plaintiff's primary care physician that specified work impairments caused by her illnesses, the report of a single-photon emission computerized tomography ("SPECT") brain scan, reports of cognitive testing by a psychiatrist, additional medical records, and multiple witness statements supporting the Plaintiff's claims of ongoing impairments.

31.

The Policy provides that Unum has the right and opportunity to have claimants "examined by a physician or vocational expert of its choice."

32.

Unum elected not to have the Plaintiff examined by a physician or vocational expert.

33.

Unum also failed to have an independent physician review and interpret the Plaintiff's medical records in connection with her claim.

34.

On appeal, Unum relied on a medical record review by a physician, Scott B. Norris, M.D., who was at the time a paid Unum employee.

35.

Dr. Norris has been employed by Unum since 2000.

36.

Dr. Norris has not treated patients as a physician since 2010.

37.

Dr. Norris has never been board-certified or practiced medicine in the fields of neurology or otolaryngology.  Dr. Norris's prior medical specialties were family medicine and aerospace medicine.

38.

When reviewing the Plaintiff's medical records and expressing opinions in connection with this claim, Dr. Norris had a conflict of interest based on his employment with Unum.

39.

Dr. Norris did not have the appropriate training and experience in the field of medicine involved in the Plaintiff's claim.

40.

Dr. Norris did not communicate with the Plaintiff's treating physicians.

41.

Unum failed to "ensure that all claims and appeals for disability benefits are adjudicated in a manner designed to ensure the independence and impartiality of persons involved in making the decision" on appeal in violation of the applicable ERISA regulations, 29 C.F.R. § 2560.503-1(b) (7).

42.

On June 25, 2021, Unum sent the Plaintiff's attorney a copy of Dr. Norris' internal Unum report and also advised the Plaintiff that it required the 45-day extension of time to decide the appeal based on its obligation to provide the Plaintiff an opportunity to respond to Dr. Norris' report.

43.

On July 8, 2021, the Plaintiff's attorney sent Unum a letter responding to Dr. Norris's report and enclosing an additional medical report from another neurologist.

44.

On August 2, 2021, Unum sent the Plaintiff more new documentation and advised the Plaintiff that it was giving her until August 17, 2021 to respond or it

would render its final appeal decision.

45.

On August 16, 2021, the Plaintiff's attorney responded to Unum and requested it complete its final decision in accordance with the ERISA regulations.

46.

The ERISA regulations, 29 C.F.R. § 2560.503-1(i)(1)(i) & (i)(3), required Unum to notify the Plaintiff of its final decision on her appeal by no later than August 17, 2021, which was 90 days from the date it received the Plaintiff's request to commence the appeal review.

47.

Unum failed to notify the Plaintiff of its final decision on her appeal within the deadline established by the ERISA regulations.

48.

Under the ERISA regulations, 29 C.F.R. § 2560.503-1(h)(4), Unum was required to provide the Plaintiff with "any new or additional evidence considered, relied upon or generated" in connection with its appeal review "as soon as possible and sufficiently in advance of the date on which the notice of adverse benefit determination on review is required to be provided … to give the claimant a reasonable opportunity to respond prior to that date…."

49.

Unum did not provide the Plaintiff with its new evidence generated on appeal review as soon as possible or with sufficient time to give the Plaintiff a reasonable opportunity to respond prior to the appeal decision deadline.

50.

The Plaintiff's attorney wrote to Unum on January 15, 2020, requesting:

"Please also provide copies of all documentation showing your compliance with the administrative processes and safeguards designed to ensure and verify that: (1) the benefit claim determinations are made in accordance with the governing plan documents, (2) where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants, and (3) that all claims and appeals for disability benefits are adjudicated in a manner designed to ensure the independence and impartiality of the persons involved in making the decision, including that decisions with regard to hiring, compensation, termination, promotion, and other similar matters with respect to such individuals are not based upon the likelihood that the individual will support the denial of benefits."

51.

Unum has never produced the information identified in the quotation contained in the preceding paragraph of this Complaint.

52.

As a result of Unum's failure to provide timely notice of a final decision on the Plaintiff's long-term disability appeal and violations of the ERISA regulations, the Plaintiff is deemed to have exhausted her administrative remedies under the LTD Plan and Policy. 29 C.F.R. § 2560.503-1(l)(1).

53.

As a result of Unum's failure to provide notice of a final decision on the Plaintiff's LTD appeal and its violation of the ERISA claim regulations, the Plaintiff's long-term disability appeal is "deemed denied on review without the exercise of discretion by an appropriate fiduciary" in accordance with the ERISA regulations, 29 C.F.R. § 2560.503-1(l)(2).

54.

The Court's standard of review in this action is *de novo* with no deference to Unum's prior decisions, irrespective of whether there is language in the LTD Plan or Policy purporting to delegate any discretionary authority to Unum regarding claim determinations.

## COUNT ONE

## CLAIM AGAINST UNUM FOR BENEFITS UNDER LTD PLAN / POLICY

55.

The Plaintiff hereby repeats and realleges the allegations contained in each of the preceding paragraphs of this Complaint as if set forth verbatim herein.

56.

The evidence that the Plaintiff submitted to Unum during the claim and appeal demonstrates that she has met the LTD Plan and Policy's definition of "Disabled" on a continuous basis since on or before the date she stopped working and has satisfied all conditions set forth in the LTD Plan and Policy for receiving benefits.

57.

Unum's decision to deny the Plaintiff's long-term disability claim was wrong, unreasonable, arbitrary and capricious.

58.

Unum denied the Plaintiff a full and fair review of its adverse claim decision.

59.

Pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B), the Plaintiff is entitled to recover benefits under the LTD Plan/ Policy for the period beginning at the end of the LTD Plan's Elimination Period through the date of judgment and will be entitled to continue receiving such benefits into the future.

60.

The Plaintiff is entitled to recover interest accruing on the aforesaid benefits.

## COUNT TWO

## AWARD OF ATTORNEYS' FEES AGAINST UNUM

61.

The Plaintiff hereby repeats and realleges the allegations contained in each of the preceding paragraphs of this complaint as if set forth verbatim herein.

62.

The Plaintiff has retained counsel to represent her in this matter and is entitled to an award of costs, including reasonable attorneys' fees against Unum pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

WHEREFORE, the Plaintiff, prays for relief in the following forms:

(a) Against UNUM LIFE INSURANCE COMPANY OF AMERICA, an award of long-term disability benefits under the LTD Plan and Policy, plus pre-judgment interest accruing on all principal sums to which she is entitled;

(b) Against UNUM LIFE INSURANCE COMPANY OF AMERICA, an award of attorneys' fees, litigation expenses and costs; and

(c) That the Plaintiff be awarded such additional and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted this 18th day of August, 2021.

                     EVANS WARNCKE ROBINSON, LLC

                     By:   /s/ Douglas M. Robinson
                           Douglas M. Robinson
                           Georgia Bar No. 610100
                           Attorney for Plaintiff
                           191 Peachtree Street, NE
                           Suite 3980
                           Atlanta, Georgia 30303
                           Telephone: (404) 841-9400
                           Facsimile: (478) 202-7453
                           d.robinson@ewrlawfirm.com